UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JAMES W. WHITE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:04-CV-20 |
| ) | (Phillips/Shirley) |
| HITACHI, LTD., HITACHI GLOBAL ) | |
| STORAGE TECHNOLOGIES, INC., ) | |
| TECHNOLOGIES NETHERLANDS B.V., ) | |
| and HITACHI METALS, LTD., ) | |
| ) | |
| Defendants. ) | |

**REPORT & RECOMMENDATION**

This matter is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by Order [Doc. 75] of the Honorable Thomas W. Phillips, United States District Judge, for consideration of Defendants' Motion to Stay Pending Re-exam and Request for Oral Argument [Doc. 71]. The undersigned conducted a hearing on this motion on May 19, 2005.

This is a patent infringement case. Plaintiff James W. White is the named inventor of a hard disk drive slider design. Plaintiff alleges that the Defendants have infringed upon United States Patent No. 4,870,519 ("the '519 patent" or "the patent-in-suit") entitled "Uniform Flying Height Slider Assembly with Improved Dynamic Air Bearing Characteristics," which was issued to Dr. White on September 26, 1989. [Doc. 1].

On February 11, 2005, Defendants filed a request with the Patent and Trademark Office ("PTO") for a reexamination of the '519 patent, alleging invalidity based in part upon prior art that had not been considered previously by the PTO. The PTO ordered reexamination on April

18, 2005, finding that there was "[a] substantial new question of patentability affecting" all of the existing claims of the '519 patent. Accordingly, all of the claims at issue in the present litigation are potentially subject to invalidation, cancellation or amendment in the reexamination proceeding.

Defendants Hitachi, Ltd., Hitachi Global Storage Technologies, Inc., and Hitachi Global Storage Technologies Netherlands B.V. move the Court to stay all proceedings in this action pending resolution of the reexamination. For grounds, Defendants argue (1) that the reexamination is likely to result in some or all of the claims of the patent-in-suit being cancelled or amended, and therefore, moving forward with litigation pending the reexamination would waste the resources of the Court and the parties; (2) that even if the claims are not cancelled or amended, staying the litigation would simplify the proceedings because the Court would have the benefit of the PTO's analysis of the claims at issue; (3) that the case is in the early stages of litigation with only limited discovery undertaken; (4) that the Plaintiff would not suffer any harm as a result of a stay; (5) that judicial precedent overwhelmingly supports a stay under the circumstances; and (6) that the request for reexamination is sound and not interposed for delay. [Doc. 71].

Plaintiff opposes Defendants' motion, arguing that Defendants request a stay merely to delay this case. Specifically, Plaintiff contends that reexamination is a lengthy procedure that rarely moots issues for litigation, and further, that Dr. White's patent is a unique patent that is less likely than most to have its claims invalidated during reexamination. Plaintiff disputes that a stay would simplify the issues for litigation because the issue of licensing is the most critical issue in the case and would be largely unaffected by the reexamination. Plaintiff further argues that this case is at a relatively late stage because the trial date has been set and a "fair" amount of discovery has been undertaken. Finally, Plaintiff contends that a stay would disadvantage him because he is an

2

Case 3:04-cv-00020   Document 84   Filed 06/03/05   Page 2 of 6   PageID #: 91

individual inventor with finite financial resources and further because his patent would likely expire during the pendency of the reexamination, thereby depriving him of the remedy of an injunction.[1] [Doc. 76].

Anyone can request that the PTO reexamine the patentability of an unexpired patent. 35 U.S.C. § 301. The request for reexamination must be based on prior art or publications which raise "a substantial new question of patentability." 37 C.F.R. § 1.510(b)(1). During the re-examination process, a patent examiner is assigned to review the case and is obligated to act "with special dispatch." 37 C.F.R. § 1.550. There is a liberal policy in favor of granting motions to stay proceedings pending the outcome of reexamination proceedings. ASCII Corp. v. STD Entertainment USA, Inc., 844 F. Supp. 1378, 1381 (N. D. Cal. 1994).

"One purpose of the reexamination procedure is to eliminate trial of that issue (when the claim is canceled) or to facilitate trial of that issue by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceeding)." Gould v. Control Laser Corp., 705 F.2d 1340, 1342 (Fed. Cir. 1983). In ruling on a motion to stay, courts consider the following factors: (1) whether a stay is likely to simplify the issues in question and trial of the case; (2) the stage of the proceedings; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party. Xerox Corp. v. 3Com Corp., 69 F. Supp. 2d 404, 406-07 (W.D.N.Y. 1999).

There are several advantages to staying litigation during the pendency of a reexamination:

---

[1] Initially, Plaintiff asserted that the '519 expires on September 26, 2006. Plaintiff subsequently submitted an errata [Doc. 81], stating that the patent will in fact expire on November 20, 2007. Plaintiff maintains that he nevertheless would be prejudiced by a stay.

3

> (1) All prior art presented to the Court will have been first considered by the PTO, with its particular expertise. (2) Many discovery problems relating to the prior art can be alleviated by the PTO examination. (3) In those cases resulting in effective invalidity of the patent, the suit will likely be dismissed. (4) The outcome of the re-examination may encourage a settlement without the further use of the Court. (5) The record of re-examination would likely be entered at trial, thereby reducing the complexity and length of the litigation. (6) Issues, defenses, and evidence will be more easily limited in pre-trial conferences after a re-examination. (7) The cost will likely be reduced both for the parties and the Court.

Emhart Industries v. Sankyo Seiki Mfg. Co., Ltd., No. 85-C-7565, 1987 WL 6314, at *2 (N.D. Ill. Feb. 2, 1987) (granting stay in 18-month-old case after significant discovery, but no trial preparation).

Several courts have denied a stay where doing so would result in undue prejudice or would clearly disadvantage the opposing party. See GPAC, Inc. v. D.W.W. Enterprises, Inc., 144 F.R.D. 63-64 (D.N.J. 1992); E.I. DuPont de Nemours and Co. v. Phillips Petroleum Co., 711 F. Supp. 1205, 1208 n.9 (D. Del. 1989); Freeman v. Minnesota Mining and Mfg. Co., 661 F. Supp. 886, 888 (D. Del. 1987); Enprotech Corp. v. Autotech Corp., No. 88-C-4853, 1990 WL 37217, at *1 (N.D. Ill. Mar. 16, 1990); Rosenthal Manufacturing Co. v. Thermal Equipment, Inc., No. 85-2630-S, 1988 WL 383034, at *1 (D. Kan. Oct. 12, 1988). "Most often, cases have been denied a stay due to the late stage of litigation, the fact that discovery was or would be almost completed, or the matter had been marked for trial." GPAC, Inc., 144 F.R.D. at 64.

The Court finds that a stay, at least a partial one, would have several advantages in this case. By staying litigation on the "patent issues," *i.e.*, infringement, validity and the like, the Court would gain the benefit of the PTO's analysis of the claims at issue. Moreover, the issues for trial may be narrowed or eliminated entirely, and the cost for both the parties and the Court will

4

likely be greatly reduced. Furthermore, while this case has been pending since January, 2004, relatively little written discovery has been completed, and no depositions have been taken. Although a trial date has been set for February, 2006, the Court finds it doubtful, in light of the current posture of this case and the amount of discovery left undone, that the parties would be prepared to proceed to trial on that date.

The Court does not find that a stay would cause Dr. White undue prejudice or clearly disadvantage him. First, as this Court has already noted, a stay of litigation on the patent issues would likely reduce the costs for both parties and therefore conserve Plaintiff's financial resources, as he will not have to engage in full-blown litigation while simultaneously participating in the reexamination proceedings. Second, even assuming that the reexamination takes the 21.6 months that Plaintiff claims reexaminations typically require (which, by Plaintiff's calculation, would result in a stay until approximately February, 2007), it is likely that Plaintiff would still be able to seek injunctive relief, as the patent is not due to expire until November, 2007. Third, to the extent that any claims are invalidated, cancelled or modified, the parties would not have engaged in costly but irrelevant discovery.

The parties acknowledge that, absent a complete cancellation of all claims – a result which is possible, yet statistically unlikely – the issue of licensing will remain. The parties have expressed no opposition to the continuation of litigation, and in particular discovery, on the licensing issue. Accordingly, it is **RECOMMENDED** that the parties be permitted to engage in discovery and to file dispositive motions on the licensing issue. Such discovery and motions should be in accordance with the Court's Scheduling Order. Should the issue of licensing not be resolved by way

of dispositive motion or settlement by the time that the reexamination has concluded and the stay has been lifted, such issue will be resolved per further Orders of the District Court.

For the foregoing reasons, it is **RECOMMENDED**[2] that Defendants' Motion to Stay Pending Re-exam and Request for Oral Argument [Doc. 71] be **GRANTED**, with the exception of litigation regarding the licensing issue.

Respectfully submitted,

  s/ C. Clifford Shirley, Jr.  
United States Magistrate Judge

---

[2]Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).