UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JAMES W. WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:04-CV-020 |
| | ) | (Phillips/Shirley) |
| HITACHI, LTD., HITACHI GLOBAL | ) | |
| STORAGE TECHNOLOGIES, INC., | ) | |
| TECHNOLOGIES NETHERLANDS B.V., | ) | |
| and HITACHI METALS, LTD., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM & ORDER

This matter is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by Order [Doc. 104] of the Honorable Thomas W. Phillips, United States District Judge, for disposition of Plaintiff's Motion to Compel Discovery [Doc. 110]. The undersigned conducted a hearing on this motion on October 17, 2005.

This is a patent infringement case. Plaintiff James W. White is the named inventor of a hard disk drive slider design. Plaintiff alleges that the Defendants have infringed upon United States Patent No. 4,870,519 ("the '519 patent" or "the patent-in-suit") entitled "Uniform Flying Height Slider Assembly with Improved Dynamic Air Bearing Characteristics," which was issued to Dr. White on September 26, 1989. [Doc. 1]. In response to the plaintiff's patent infringement claim, some of the defendants have asserted as an affirmative defense that they have a license to

practice the '519 patent, claiming that they obtained the license from IBM when the latter transferred its hard disk drive business to the defendants.

The IBM-Hitachi transaction can be briefly summarized as follows. IBM transferred its worldwide hard-disk drive business to a wholly-owned subsidiary, Mariana HDD, B.V. ("Mariana"). As part of that transfer, IBM assigned several different types of assets to Mariana, including its rights to certain IBM intellectual property, as well as IBM's rights, such as licenses, to the intellectual property of third parties. Following these asset transfers, Hitachi, Ltd. acquired a 70% stock ownership in Mariana, which was subsequently renamed Hitachi Global Storage Technologies, Netherlands, B.V. ("HGST B.V."). HGST B.V.'s wholly-owned U.S. operating subsidiary is Hitachi Global Storage Technologies, Inc. ("HGST, Inc.") (collectively the "HGST Defendants"). One of the assets assigned by IBM to Mariana, which is now HGST B.V., was the White-IBM Patent License.

The plaintiff's First Set of Requests for Production of Documents were served on the defendants on September 17, 2004. The requests seek documents relative to the transfer of IBM's hard disk drive business to the defendants, as well as documents relevant to the plaintiff's license to IBM. In response to the plaintiff's requests, the defendants produced thousands of documents filling approximately 30 binders that relate to the "Framework Agreement" between IBM and Hitachi, Ltd. The defendants, however, have refused to produce two documents, which the plaintiff contends are relevant to the transfer of the IBM license and should be produced. The first of these documents is a "Side Letter" to the Third Party Intellectual Property Matters Agreement. The plaintiff contends that the Side Letter lists third parties, such as possibly the plaintiff, whose consent must be obtained to transfer IBM's interest in intellectual property. The plaintiff argues that if Dr.

2

White's license to IBM is referenced in the Side Letter, he can then establish that the defendants had knowledge that the license to the '519 patent was not transferable. Even if Dr. White's name is not listed on the Side Letter, the plaintiff contends that he may nevertheless be able to "gleam some important information" from the document regarding the defendants' transaction with IBM.

The second document that the plaintiff seeks is referred to as the "PLT Notice Letter." The PLT Notice Letter is a two-page letter agreement dated November 1, 2002 between the general manager of the Hitachi, Ltd. IP Business Division and the IBM Program Director, Intellectual Property and Licensing, and is labeled "Subject to Joint Defense Privilege." The plaintiff contends that this document is relevant because it is part of the agreements that document the transfer of IBM's hard disk drive business to the defendants.

The defendants initially and vigorously opposed the plaintiff's motion, arguing that the requested documents (1) were not relevant to any claims or defense in this action and (2) were moreover protected by the joint defense privilege. The defendants subsequently have proposed that the Court order the production of the requested documents subject to two conditions: (1) that the documents will be labeled and treated as Outside Attorneys' Eyes Only pursuant to the Protective Order in this case; and (2) that production of these documents will in no way be deemed a waiver of the joint defense privilege or of any other privilege of IBM or any of the Defendants with respect to any other documents or communications in this case, or with respect to any non-party to this litigation. [Doc. 137]. The defendants also assert that IBM has authorized them to produce the documents if these conditions are adopted.

The Court finds that the defendant's proposal is the most expeditious way to resolve the present discovery dispute. Accordingly, the plaintiff's Motion to Compel Discovery [Doc. 110]

is **GRANTED**, but only to the extent that the defendants are hereby **ORDERED** to produce to plaintiff's counsel within twenty (20) days of the entry of this Order (1) the Side Letter and attached schedules and (2) the PLT Notice Letter, subject to the following conditions: (1) that the documents will be labeled and treated as Outside Attorneys' Eyes Only pursuant to the Protective Order in this case; and (2) that production of these documents will in no way be deemed a waiver of the joint defense privilege or of any other privilege of IBM or any of the Defendants with respect to any other documents or communications in this case, or with respect to any non-party to this litigation.[1]

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.   
United States Magistrate Judge

---

[1] In so ruling, the Court has made no finding regarding the relevance of the produced documents or the applicability of the joint defense privilege to those documents.