IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JAMES W. WHITE, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:04-CV-20 |
| | ) | (Phillips) |
| HITACHI, LTD., HITACHI GLOBAL STORAGE | ) | |
| TECHNOLOGIES, INC., and HITACHI GLOBAL | ) | |
| STORAGE TECHNOLOGIES NETHERLANDS B.V., | ) | |
|     Defendants. | ) | |

**MEMORANDUM AND ORDER**

On September 17, 2007, the court granted summary judgment in favor of the Hitachi defendants [Doc. 179]. Now pending before the court is plaintiff's motion for reconsideration [Doc. 181]. Specifically, plaintiff alleges that the court failed to consider material facts and failed to construe a key term of the White/IBM License. White requests that the court reconsider its order or alternatively that the court certify its order for interlocutory appeal. For the reasons which follow, White's motion is denied in its entirety.

I

The pertinent facts are fully detailed in the court's September 17, 2007 order [Doc. 179] and will not be repeated here. Motions to reconsider may be treated as motions to alter/amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure. *Huff v. Metro. Life Ins. Co.,* 675 F.2d 119, 122 (6th Cir. 1982). Rule 59(e) motions may be granted if there is (1) a clear error of law, (2) newly discovered evidence, (3) an intervening change

in controlling law, or (4) to prevent manifest injustice. *E.g., Gencorp, Inc. v. American Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999).

Although its has authority to do so, the court will only reconsider its prior ruling in rare and unusual circumstances. "Motions to reconsider run contrary to notions of finality and repose, and should be discouraged." *In re August, 1993 Regular Grand Jury,* 854 F.Supp. 1403, 1406 (S.D.Ind. 1994). A court can always take a second look at a prior decision, but it need not and should do so in the vast majority of instances, especially where such motions "merely restyle or rehash the initial issues." *Id.* at 1407. It is not the function of a motion to reconsider arguments already considered and rejected by the court. *Id.* at 1408.

The parties' cross-motions for summary judgment confirm that there are no undisputed material facts. Rather, the parties dispute what legal conclusions should be drawn from these undisputed facts. In its order, the court did not decide any disputed facts, nor are there any material facts or inferences for a jury to determine. In his motion for reconsideration, White first argues that the Memorandum of Understanding and Framework Agreement between IBM and Hitachi, Ltd, as well as the IBM testimony, when taken in a light most favorable to him, create a question of fact whether IBM *attempted* to transfer the White/IBM License to Hitachi, Ltd. According to White's argument, IBM undertook the entire transaction to transfer IBM's hard disk drive business, including the White/IBM License to Hitachi, Ltd.

This case turns entirely on the legal analysis of a thoroughly documented set of transactions. Boiled down to its essence, White's argument is that the court should have ignored the legal documents governing the transaction that actually transferred the License to Mariana, and draw an inference that IBM and Hitachi, Ltd. *attempted* to transfer the License to Hitachi, Ltd. White's argument is nonsensical. An inferred *attempted* but unaccomplished transfer of the License from IBM to Hitachi, Ltd. is irrelevant to the controlling legal issue of whether the actual transfer to Mariana/HGST was valid. The License says nothing about *attempted* assignments or transfers, only actual assignments or transfers.

In his motion for reconsideration, White does not contest that Mariana was the actual transferee of the License or that Mariana met both of the alternative conditions for a valid transfer. Moreover, the court considered and rejected White's argument that the Mariana stock purchase by Hitachi, Ltd., should be deemed a "transfer" of the License to Hitachi, Ltd. Thus, White's "transfer" argument was addressed and rejected by the court.

Second, White argues that the court failed to construe the term "or otherwise transferable" in the License. White argues that the term "or otherwise transferable" must be read to prohibit all transfers of any form, and that Hitachi Ltd.'s complicated transaction with IBM is an "other transfer" which includes transfer through the sale of stock of a subsidiary corporation. This argument is without merit, as the court stated in its September 17, 2007 order:

> White next argues that HGST's license depends on reading the words "or otherwise transferable" out of paragraph 5.1 of the license. HGST acknowledges that the license is neither assignable nor otherwise transferable except to a successor of IBM's hard disk drive business who was either already licensed or not previously in the hard disk drive business. White's interpretation of the language of paragraph 5.1 ignores these two exceptions. As noted by White in his memorandum of law, "All parts of the agreement must be given effect; no parts may be ignored or deleted from the agreement." Cal.Civ. Code § 1641; *Boghos v. Certain Underwriters at Lloyd's of London,* 36 Cal. 4th 747, 757 (Cal. 2005). Mariana met both of the alternative criteria of paragraph 5.1 for a valid assignment. There is no factual dispute that Mariana is a "successor" and that it was not previously in the hard disk drive business; nor is there any dispute that Mariana was sublicensed to practice the White patents prior to being assigned the license by IBM.

Memorandum and Order, September 17, 2007 [Doc. 179].

The court finds that White has failed to show clear error on the part of the court with regard to its prior decision granting summary judgment to the Hitachi defendants. As such, the court hereby denies White's motion for reconsideration.

II

In the event that his request for reconsideration is denied, White requests that the court certify its September 17, 2007 order for interlocutory appeal. Under 28 U.S.C. § 1292(b), there are three requirements for certifying a ruling for interlocutory appeal: (1) the order involves a controlling question of law; (2) as to which there is substantial ground for difference of opinion; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. *See Hammer v. Occupational Envtl. Med., Inc.,*

No. 3:00-CV-314, 2005 U.S. Dist. LEXIS 26861 (E.D.Tenn. Oct. 28, 2005). Although White meets the first requirement that the court's order involves a controlling issue of law, he cannot meet the remaining two requirements. First, on October 2, 2007, the Patent Office issued a Final Office Action rejecting as invalid all of the remaining claims as to the '519 patent [*see* Doc. 182]. Given the current status of the '519 patent, it makes no sense to require the Federal Circuit to take up the licensing issue on an interlocutory appeal. Nor has White shown the requisite "substantial ground for a difference of opinion." It is indisputable that a license is a complete defense to a claim of infringement. *See Schering Corp. v. Roussel-UCLAF SA,* 104 F.3d 341, 347 (Fed.Cir. 1997).

Nor has White shown a split among the circuits, as the case law uniformly holds that a purchase of shares in a corporation does not effect a transfer of the corporate assets to the shareholder. *See Institut Pasteur,* 104 F.3d 489 (rejecting licensor's argument that sale of licensee's stock to licensor's competitor was still "in substance" an assignment of the licenses, finding that licensor could have, but did not, include a change of control provision in the licenses); *Baxter Pharm.,* 1999 De.Ch. LEXIS 47 (holding that stock purchase agreement was not an assignment of rights and a delegation of the duties within meaning on nonassignability clause of agreement because agreement did not equate "assignment" with "stock acquisition," or otherwise explicitly prohibit stock acquisitions); *Branmar Theater Co.,* 264 A.2d 526 (stock sale did not constitute assignment of lease in violation of anti-assignment clause because lessor should have included, but did not include, a provision providing for termination upon sale of stock); *Transamerica Commercial*

*Finance Corp. v. Borg-Warner Corp.,* 1990 WL 186088 (N.D.Ill., Nov. 8, 1990) (licensor did not bargain for the right to prohibit such stock sales without its consent. If licensor wanted that right, it could have so provided in its form contract); *PPG Indus. Inc. v. Guardian Indus. Corp.,* 597 F.2d 1090 (6th Cir. 1979) (where a license contains no change of control provision, a mere change in the ownership of the licensee's stock will not nullify the licenses). Because White has failed to show that he meets the requirements for an interlocutory appeal, his motion is denied.

## **Conclusion**

For the foregoing reasons, and for the reasons stated in the court's September 17, 2007 Memorandum and Order [Doc. 179], plaintiff's motion for reconsideration or in the alternative, to certify an interlocutory appeal in this case [Doc. 181] is **DENIED.**

**ENTER:**

s/ Thomas W. Phillips
United States District Judge